**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES COMMODITY FUTURES TRADING COMMISSION,**<br><br>Plaintiff,<br><br>vs.<br><br>**VICTOR YU, d/b/a VISCO INTERNATIONAL, LTD., CURRENCY TRADING CLUB and VICTORY FX CLUB, and VFRS, LLC,,**<br><br>Defendants. | Case No.: 12-CV-3921 YGR<br><br>**ORDER GRANTING RESTRAINING ORDER AND SETTING HEARING ON PRELIMINARY INJUNCTION** |

Having read the Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint") filed by Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission"), Plaintiff's Motion for *Ex Parte* Statutory Restraining Order ("Motion"), the Memorandum in Support of Plaintiff's Motions for *Ex Parte* Statutory Restraining Order and Preliminary Injunction submitted in support of the Motion ("Memorandum") and the declarations and attachments thereto, and being fully advised in the premises,

**THE COURT FINDS:**

1. The Court has jurisdiction over the subject matter of this case.  Section 6c of the Commodity Exchange Act ("Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")),

§§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. §§ 1 *et seq.*, authorizes this Court to enter an *ex parte* statutory restraining order against Victor Yu d/b/a Visco International Ltd., Currency Trading Club, and Victory FX Club ("Yu") and VFRS, LLC ("VFRS") (collectively, "Defendants").

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3. It appears that there is good cause to believe Defendants have engaged, are engaging, and/or are about to engage in violations of the Act. Specifically, it appears that Defendants have violated Section 4b(a)(2)(A) and (C) of the Act, as amended, 7 U.S.C. §§ 6b(a)(2)(A), (C), and, in connection with conduct on or after October 18, 2010, it appears that Defendants have violated Commission Regulation ("Regulation") 5.2(b)(1) and (3), 17 C.F.R. § 5.2(b)(1), (3) (2011), and Yu has violated Section 2(c)(2)(C)(iii)(I)(bb) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(bb), and Regulation 5.3(a)(3)(i), 17 C.F.R. § 5.3(a)(3)(i) (2011).

4. It further appears that there is good cause to believe immediate and irreparable harm to the Court's ability to grant effective final relief to Defendants' clients in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendants of their assets or destruction of records unless Defendants are immediately restrained and enjoined by order of this Court. Accordingly, there is good cause to issue this Order.

## **ORDER**

### **DEFINITIONS**

For the purposes of this Order, the following definitions apply:

5. "Assets" means any legal or equitable interest in, right to, or claim to any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, securities, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

6. "Document" is synonymous in meaning and equal in scope to the usage of the term in FED. R. CIV. P. 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

7. "Defendants" refers to Victor Yu d/b/a Visco International Ltd., Currency Trading Club, and Victory FX Club, and VFRS, LLC and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of Defendants, and any person who receives actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express, insofar as he or she is acting in concert or participation with Defendants.

## **RELIEF GRANTED**

**I.** *ASSET FREEZE*

**IT IS HEREBY ORDERED** that Defendants are restrained and enjoined from, directly or indirectly, withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, leasing, loaning, encumbering, disbursing, converting, selling, liquidating, alienating, or otherwise disposing of any funds, assets, or other property, wherever located, including funds, assets, or other

property held outside the United States, except as ordered by the Court.  The assets affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Order, as well as accounts not specifically identified below.

**IT IS FURTHER ORDERED** that, pending further order of this Court, any bank, financial or brokerage institution, entity, or person that holds, controls, or maintains custody of any funds, assets, or other property of Defendants, or has held, controlled, or maintained custody of any funds, assets, or other property of Defendants, and who receives notice of this Order by any means, including facsimile, electronic mail, United Parcel Service, or Federal Express, shall:

A. prohibit Defendants and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such assets, except as directed by further order of the Court;

B. deny Defendants and all other persons access to any safe deposit box that is:

1. titled in the name of or maintained by Defendants, either individually, jointly, or in any other capacity, including safe deposit boxes titled in the name of or maintained by nominees of Defendants; or

2. otherwise subject to the control of or access by Defendants; and

C. cooperate with all reasonable requests of CFTC relating to implementation of this Order, including producing records related to Defendants' accounts and Defendants' businesses.

## II.  *PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS*

**IT IS ORDERED** that Defendants and all persons or entities who receive notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents

that relate to the business operations or practices, or the business or personal finances, of Defendants.

### III. *ACCESS TO AND INSPECTION OF BOOKS AND RECORDS*

**IT IS ORDERED** that representatives of CFTC be allowed immediately to inspect the books, records, and other documents of Defendants and their agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendants or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated.

### IV. *SERVICE OF ORDER AND ASSISTANCE OF U.S. MARSHALS SERVICE*

**IT IS ORDERED** that the U.S. Marshals Service is directed to assist CFTC with service of process and of this Order upon Defendants, including of the Summons and Complaint and all other papers in this case, as well as assist CFTC with taking control and custody of the assets, records, and business premises of Defendants.

**IT IS FURTHER ORDERED** that copies of this Order may be served upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants, or any other non-party that may be subject to any provision of this Order, by any means including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents,. Robert Howell, Jennifer E. Smiley, and Joseph Patrick, all employees of CFTC, are hereby specially appointed to serve process, including of this Order and all other papers in this case.

**P**ursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b), no bond need be posted by the Commission, which is an agency of the United States of America.

## VI. *SERVICE ON CFTC*

**IT IS FURTHER ORDERED** that Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on CFTC by delivering a copy to Robert Howell, Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, 525 W. Monroe St., Suite 1100, Chicago, Illinois, 60661 and/or by filing such pleadings or other materials electronically with the Court.

## VII. *DURATION OF THIS ORDER AND SETTING OF HEARING ON PRELIMINARY INJUNCTION*

This Order shall remain in full force and effect for 14 days only, absent an extension of the restraining order for good cause shown, pursuant to FRCP 65(b)(2).

Absent any such order or other continuance, this matter is set for hearing on Plaintiff's Motion for Preliminary Injunction on **August 10, 2012,** at 10:00 a.m., at the U.S. District Court, 1301 Clay Street, Oakland, in a courtroom to be designated.

**IT IS SO ORDERED**.

Date: July 27, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**