United States District Court
Northern District of California

1
2
3
4
5
6
7   UNITED STATES DISTRICT COURT
8   NORTHERN DISTRICT OF CALIFORNIA
9
10
11  **UNITED STATES COMMODITY FUTURES TRADING COMMISSION,**

    **Plaintiff,**

    vs.

    **VICTOR YU, D/B/A VISCO INTERNATIONAL, LTD., CURRENCY TRADING CLUB AND VICTORY FX CLUB, AND VFRS, LLC,,**

    **Defendants.**

    Case No.: **12-CV-3921 YGR**

    **JUDGMENT**

19  The issues in this action having been duly considered it is **ORDERED, ADJUDGED, AND**
20  **DECREED** that judgment in entered in favor of Plaintiff and against Defendants as follows:
21  **INJUNCTIVE RELIEF**
22  1. Defendants and all persons insofar as they are acting in the capacity of agents, servants,
23  employees, successors, assigns, or attorneys of Defendants, and all persons insofar as they are acting
24  in concert or participation with Defendants who receive actual notice of this order by personal
25  service or otherwise, are permanently restrained, enjoined, and prohibited from directly or indirectly:
26  a. Engaging in any conduct in violation of Section 4b(a)(2)(A) and (C) of the Act, 7
27  U.S.C. § 6b(a)(2)(A), (C) and Regulation 5.2(b)(1) and (3), 17 C.F.R. §§ 5.2(b)(1), (3)
28  (2012), including, but not limited to, making material misrepresentations and omissions in
    connection with forex trading; and

b. Engaging in conduct in violation of Section 2(c)(2)(C)(iii)(I)(bb) of the Act and Regulation 5.3(a)(3)(i), 17 C.F.R. § 5.3(a)(3)(i) (2012), including, but not limited to, placing forex trades for non- ECPs without being appropriately registered.

2. Defendants are further permanently restrained, enjoined, and prohibited from directly or indirectly:

a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act as amended, to be codified at 7 U.S.C. § 1a), including, but not limited to, trading for themselves or their clients;

b. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3 (hh), 17 C.F.R. § 1.3(hh) (2012)) ("commodity options"), swaps (as that term is defined in Regulation 1.3(xxx), 17 C.F.R. § 1.3(xxx)),security futures products, and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act as amended by the Dodd-Frank Act, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for their own personal accounts or for any account in which they have a direct or indirect interest;

c. Having any commodity futures, options on commodity futures, commodity options, swaps, security futures products, and/or forex contracts traded on their behalf;

d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, swaps, security futures products, and/or forex contracts;

e. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, swaps, security futures products, and/or forex contracts;

f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012); and

g. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent, or any other officer or employee of any person registered, exempted

from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012).

**RESTITUTION, DISGORGEMENT AND CIVIL MONETARY PENALTY**

It is further ordered that:

**A. Restitution**

1. Defendants are jointly and severally liable for restitution in the amount of **$2,148,328.77** plus post-judgment interest ("Restitution Obligation"). The Restitution Obligation shall commence immediately upon entry of this Judgment.

2. The Restitution Obligation shall not limit the ability of any customer to prove that a greater amount is owed, and nothing herein shall be construed in any way to limit or abridge the rights of any customers whose funds were given to the Defendants that exist under state or common law.

3. Post-judgment interest shall accrue commencing on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

4. Pursuant to Fed. R. Civ. P. 71, customers of Yu and VFRS are explicitly made intended third-party beneficiaries of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants.

**B. Appointment of Monitor**

5. To receive payments from Defendants on their Restitution Obligation and to make distributions to Defendants' participants, the Court appoints the National Futures Association ("NFA") as Monitor. The Monitor shall receive payments from Yu and VFRS and make distributions as set forth below. Because the Monitor is acting as an officer of the Court in performing these services, it shall not be liable for any action or inaction arising from its appointment as Monitor, other than actions involving fraud.

6. Defendants shall make their required restitution payments under this Order in the name of "VFRS Fund" and shall send such payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order to the Office of Administrations, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois, 60606, under a cover letter that identifies the Defendant making the payment and the name and docket number of

this proceeding.  The Defendant making the payment shall simultaneously transmit copies of this cover letter and the form of payment to: (1) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581; and (2) the Chief, Office of Cooperative Enforcement, Division of Enforcement, Commodity Futures Trading Commission, at the same address.

7. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of funds in an equitable fashion to Defendants' participants or may defer distribution until such time as it may deem appropriate. In the event that the amount of payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative costs of making a distribution to Defendants' participants is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments as set forth in Section D below.

8. Defendants shall execute any documents necessary to release funds by any repository, bank, investment or other financial institution wherever located, in order to make partial or total payment toward the Restitution Obligation.

9. To the extent that any funds accrue to the U.S. Treasury as a result of the Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

**C. Disgorgement**

10. Defendants are jointly and severally liable for disgorgement in the amount of **$273,355.46** plus post-judgment interest ("Disgorgement Obligation").  The Disgorgement Obligation shall commence immediately upon entry of this Order.

11. Post-judgment interest shall accrue commencing on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

//
//

4

**D. Civil Monetary Penalty**

12. Section 6c(d) of the Act, 7 U.S.C. § 13a-1(d) (2006), permits the imposition of a civil monetary penalty on any person found to have committed a violation of the Act of up to three times the monetary gain to that person for each violation.

13. Upon the date of entry of this Order, Yu and VFRS are hereby jointly and severally liable for, and a judgment is entered against them to pay, a civil monetary penalty in the amount of **$820,066.38**, plus post-judgment interest ("CMP Obligation").

14. Post-judgment interest shall accrue beginning on the date of entry of this Judgment and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Judgment pursuant to 28 U.S.C. § 1961.

**E. Payment of Disgorgement and Civil Monetary Penalty**

15. Defendants shall pay the Disgorgement Obligation and CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the following address:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attn: Accounts Receivables – AMZ 340
> E-mail Box: 9-AMC-AMZ-AR-CFTC
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> Telephone: (405) 954-5644

If payment by electronic funds transfer is chosen, Defendants shall contact Linda Zurhorst or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the Disgorgement Obligation and CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding.  Defendants shall simultaneously transmit a copy of the cover letter and the form of payment to: (1) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581; and (2) the Chief, Office of

Cooperative Enforcement, Division of Enforcement, Commodity Futures Trading Commission, at the same address.

16. Any acceptance by the Commission and/or the Monitor of partial payment of the Restitution Obligation, Disgorgement Obligation, and/or CMP Obligation shall not be deemed a waiver of the Defendants' obligation to make further payments pursuant to this Order or a waiver of the Commission's right to seek to compel Defendants' payment of any remaining balance.

17. **Notices**: All notices required to be given by the Order shall be sent via certified mail, return receipt requested, as follows:

>Notice to Plaintiff Commission:
>Director of the Division of Enforcement
>Commodity Futures Trading Commission
>Three Lafayette Centre
>1155 21st Street NW
>Washington, D.C. 20581
>
>Notice to Defendant Victor Yu:
>Victor Yu
>1924 Lafayette Street
>Alameda, CA 94501
>
>Notice to Defendant VFRS:
>VFRS, LLC
>c/o Victor Yu
>1924 Lafayette Street
>Alameda, CA 94501

18. This Court shall retain jurisdiction over this action to implement and carry out the terms of this Order, to ensure compliance with this Order, and for any suitable applications or motion for additional relief within the jurisdiction of this Court.

**IT IS SO ORDERED.**

Dated: March 26, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**